IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:01-898-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Drako O. Sullivan, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Drako O. Sullivan's ("Sullivan") motion to "correct [his] criminal judgment." Sullivan argues in his motion that the pre-sentence report incorrectly calculated his sentence due to a misapplication of U.S.S.G. § 4B1.1. (Mot. Correct Criminal J. 2-3, ECF No. 68.) Sullivan is a federal prisoner serving a 262-month term of imprisonment for possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851. Because Sullivan challenges the validity of his sentence, the court construes his filing as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Scott v. United States, 761 F. Supp. 2d 320, 323 (E.D.N.C. 2011) ("It is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views the motion as arising under section 2255.") (citing Raines v. United States, 423 F.2d 526, 528 (4th Cir. 1970)). Sullivan previously filed a § 2255 motion on July 3, 2003, which the court summarily dismissed on July 29, 2003. Sullivan appealed the dismissal to the Fourth Circuit Court of Appeals, which dismissed his appeal on February 23, 2004. See United States v. Sullivan, No. 03-7771, 2004 WL 335155, at *1 (4th Cir. Feb. 23, 2004) (unpublished). "Before a second or successive [habeas] application . . . is filed in the

1

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Sullivan has failed to seek authorization from the Fourth Circuit to file a successive § 2255 motion, the court must dismiss the instant motion for lack of subject matter jurisdiction. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Moreover, because the court construes Sullivan's filing as a successive § 2255 motion, the court is not required to first provide him notice of the recharacterization of the motion and an opportunity to amend or withdraw his filing. See United States v. Joseph, No. 11-6900, 2011 WL 5925321, at *1 (4th Cir. Nov. 29, 2011) (unpublished).

It is therefore

**ORDERED** that the clerk of court shall recharacterize Sullivan's filing, docket number 68, as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. It is further

**ORDERED** that Sullivan's § 2255 motion is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Sullivan has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 27, 2013

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.